David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 120
Las Vegas, NV 89149
Ph.:    1-702-808-0359
Fax.:   1-888-306-7157
E-mail: riggilaw@gmail.com
*Attorney for the Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 10-11559-MKN |
| MARCO A. MENDOZA and MARGARITA MENDOZA, | Chapter 11 |
| Debtors in Possession | |

### FIRST AMENDED PLAN OF REORGANIZATION FOR
### MARCO A. and MARGARITA MENDOZA

The Debtors, Marco A. Mendoza and Margarita Mendoza (herein "Debtors in Possession" and/ or "Debtors"), propose the following First Amended Plan of Reorganization (herein "Plan").

### BRIEF SUMMARY OF PLAN

The Plan, as proposed by the Debtors, is based on: (1) re-amortizing and rescheduling secured debt on first mortgages on investment properties, based on the actual value of the properties; (2) disallowing of secured status for second mortgages and a third mortgage; (3) stipulations concerning treatments of certain mortgages; (4) treatment of certain mortgages in accordance with the mortgage holder's right to elect the entire claim as secured; (5) satisfaction in full of any administrative expenses or priority debts, claims or expenses; (6) a partial payment to unsecured creditors.

1

# ARTICLE I
# DEFINITIONS

The following terms when used in the Plan shall, unless the context otherwise requires, have the following meaning respectively:

**ADMINISTRATIVE CLAIM and ADMINISTRATIVE EXPENSE CLAIM:** A Claim Allowed under §503(b) of the Bankruptcy Code that is entitled to priority under §507(a)(2) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case as authorized and approved by a Final Order, (b) any actual and necessary costs and expenses incurred in the ordinary course of the Debtors' business, (c) fees and expenses of Professionals to the extent Allowed by Final Order under §§330, 331, or 503 of the Bankruptcy Code, and (d) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §1930.

**ALLOWED CLAIM:** A claim (a) in respect to which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitation or (b) scheduled in the list of creditors and filed with the Bankruptcy Court in the case and not listed as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation or an order to the Bankruptcy Court, or as to which any such objection has been determined by an order or judgment, which order or judgment is not subject to any stay of the effect thereof. Certain claims not listed in the Debtors' bankruptcy schedules as disputed, contingent, or unliquidated as to amounts may be objected to by Debtors because of a change in circumstances or because of additional information made available to debtors or their counsel. All claims will be determined by Bankruptcy Court order to be allowed or disallowed.

**BANKRUPTCY CODE:** Title 11, United States Code.

**BANKRUPTCY COURT:** The United States Bankruptcy Court for the District of Nevada, the Honorable Michael K. Nakagawa, Judge, acting in this case.

**CHAPTER 11:** Chapter 11, Title 11, United States Code.

**CLAIM:** Any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtors in existence on or as of the date of the petition, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**CLASS:** Any class into which Allowed Claims are classified pursuant to Article II.

**CONFIRMATION DATE:** Confirmation date shall be the date upon which the order confirming the Debtors' Plan of Reorganization is entered by the Bankruptcy Court for the District of Nevada.

**COURT:** Court shall mean the United States Bankruptcy Court for the District of Nevada, including the United States Bankruptcy Judge presiding in the Bankruptcy Case of the debtors.

**CREDITOR:** Holder of a Claim against the Debtors.

**DATE OF THE PETITION:** February 1, 2010.

**DEBTORS:** Marco A. Mendoza and Margarita Mendoza.

**EFFECTIVE DATE:** The first day of the first calendar month following the entry of order of the Bankruptcy Court of the District of Nevada confirming this Plan.

**INVESTMENT PROPERTY:** All real property owned by the Debtors, other than the primary resident.

**IRS:** Internal Revenue Service.

3

**PLAN RATE:** Shall mean an interest rate on an Allowed Claim that is simple interest on the principal sum due at the rate of four and a half percent (4.5%) per annum.

**PROPERTY:** The term will be used only within the context of a clear referential indication of a particular piece of real estate.

**PRO RATA:** With respect to any holder of an unsecured proof of claim, the manner of payment in which any particular creditor holding an unsecured claim shall be paid the same proportion that the amount of such claim bears to the aggregate amount of the claims in the particular Class.

**PRIORITY CLAIM:** Any and all Claims (or portions thereof), if any, entitled to priority under §507(a) of the Bankruptcy Code other than Priority Tax Claims and Administrative Expense Claims.

**REORGANIZATION CASE:** The case of reorganization of the Debtors commenced by voluntary petition under Chapter 11 on February 1, 2010, and now pending in the Bankruptcy Court as case no. 10-11559-MKN.

**RULES:** The Federal Rules of Bankruptcy Procedure, as amended, and the Local Rules of Bankruptcy Procedure as adopted by the Bankruptcy Court.

**SECURED CLAIMS:** An allowed claim of a creditor, secured by a lien on property of the Debtors, which claim existed on the date of the filing of the petition or which was authorized by the Bankruptcy Court thereafter to the extent that such claim is not greater than the value of the Debtors' property on which the Bankruptcy Court finds a valid security interest for such claim is held.

# ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS WITH RIGHTS TO VOTE, AND
## DESIGNATION AS TO IMPAIRMENT

ALL CLAIMS ARE SUBJECT TO BEING OBJECTED TO. THE DEBTORS RESERVE THE RIGHT TO REQUEST THAT ANY FUNDS PAID PURSUANT TO THIS PLAN BE HELD IN TRUST, PENDING RESOLUTION OF ANY CLAIMS, OR OTHER LITIGATION.

For the purposes of this Plan of Reorganization the creditors of the Debtors shall be classified into the following categories, all of which are impaired:

**CLASS ONE – AURORA LOAN SERVICES FIRST MORTGAGE CLAIM (POC 11-1) AGAINST 1813 Danielle Rebecca Avenue –** Pursuant to Stipulation (Docket #104), this first mortgage shall be reamortized and rescheduled based on a property value, and therefore the amount due under the reamortized schedule, of $165,900. The interest rate shall be 5.25 percent until the loan matures November 1, 2040. Monthly payments of **$916.11** have begun through payments of adequate protection and shall continue until November 1, 2040. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS TWO — AMERICA'S SERVICING FIRST MORTGAGE CLAIM (No POC) AGAINST 260 East Flamingo Road #231 –** This first mortgage shall be reamortized and rescheduled based on a property value, and therefore the amount due under the reamortized schedule, of $60,000. The interest rate shall be 4.5 percent over a 30 year fixed schedule. Monthly payments of **$304.01** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS THREE — AMTRUST BANK FIRST MORTGAGE CLAIM (POC #3-1) AGAINST 915 Villa Grove Court –** Pursuant to Stipulation (Docket #185), this first mortgage shall be reamortized and rescheduled based on the amount due under the reamortized schedule of $94,086.88 (the value plus certain escrow advances). The interest rate shall be 5.25 percent over the remaining term of the loan maturing on November 1, 2034. Monthly payments of **$570.36** have begun through adequate protection payments and shall continue until satisfied on November 1, 2034. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS FOUR — AURORA LOAN SERVICES FIRST MORTGAGE CLAIM (POC #4-1) AGAINST 5924 Talley Court —** This secured creditor has elected 1111(b) treatment to satisfy its entire claim of $424,570.78. Monthly payments, at zero percent interest, of **$1,179.37** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS FIVE – BANK OF AMERICA'S SECOND MORTGAGE CLAIM (No POC) AGAINST 5924 Talley Court —** This second mortgage shall be "stripped-off" of the property, converting this creditor's claim into an unsecured claim.

**CLASS SIX — BAC HOME LOAN SERVICING FIRST MORTGAGE CLAIM (POC #28-1) AGAINST 3309 Palatine Hills Avenue —** This secured creditor has elected 1111(b) treatment to satisfy its entire claim of $285,987.82. Monthly payments, at zero percent interest, of **$794.41** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Escrow arrears shall be cured within six months of Plan Confirmation. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS SEVEN — BAC HOME LOAN SERVICING FIRST MORTGAGE CLAIM (POC #27-1) AGAINST 48 Hoke Edward Court —** This secured creditor has elected 1111(b) treatment to satisfy its entire claim of $276,109.01. Monthly payments, at zero percent interest, of **$766.97** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Escrow arrears shall be cured within six months of Plan Confirmation. Debtors shall fulfill ongoing property tax obligations and maintain property insurance.

**CLASS EIGHT — BAC HOME LOAN SERVICING FIRST MORTGAGE CLAIM (No POC) AGAINST 1209 Neva Ranch Avenue —** This first mortgage shall be reamortized and rescheduled based on a property value, and therefore the amount due under the reamortized schedule, of $145,000. The interest rate shall be 4.5 percent over a 30 year fixed schedule. Monthly payments of **$734.69** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS NINE — BANK OF AMERICA SECOND MORTGAGE CLAIM (POC #12-1) AGAINST 1209 Neva Ranch Avenue —** This second mortgage shall be "stripped-off" of the property, converting this creditor's claim into an unsecured claim.

**CLASS TEN — BAC HOME LOAN SERVICING FIRST MORTGAGE CLAIM (POC #14-1) AGAINST 9016 South Fourth Street —** This first mortgage shall be reamortized and rescheduled based on a property value, and therefore the amount due under the reamortized schedule, of $135,000. The interest rate shall be 4.5 percent over a 30 year fixed schedule. Monthly payments of **$684.03** shall begin on the effective date of the Plan

and shall continue for a total term of 360 months. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS ELEVEN — WELLS FARGO BANK SECOND MORTGAGE CLAIM (POC #10-1) AGAINST 9016 South Fourth Street** — This second mortgage shall be "stripped-off" of the property, converting this creditor's claim into an unsecured claim.

**CLASS TWELVE — WELLS FARGO HOME MORTGAGE THIRD MORTGAGE CLAIM (No POC) AGAINST 9016 South Fourth Street —** This third mortgage shall be "stripped-off" of the property, converting this creditor's claim into an unsecured claim.

**CLASS THIRTEEN — BANK OF THE WEST'S FIRST MORTGAGE CLAIM (POC #15-1) AGAINST 2950 East Flamingo Road —** Pursuant to Stipulation (Docket #49), this first mortgage shall be reamortized and rescheduled based on a property value, and therefore the amount due under the reamortized schedule, of $125,000. The interest rate shall be 7.8 percent over a 30 year fixed schedule. Monthly payments of principal and interest in the amount of **$900.00** have begun on August 1, 2010 and shall continue until the secured claim is satisfied on February 1, 2018. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS FOURTEEN — BANK OF AMERICA N. A. FIRST MORTGAGE CLAIM (POC #24-1) AGAINST 4342 Garden Place—**This first mortgage shall be reamortized and rescheduled based on the amount due of $48,679.33. The interest rate shall be 4.5 percent over a 30 year fixed schedule. Monthly payments of **$234.06** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS FIFTEEN — WELLS FARGO FIRST MORTGAGE CLAIM (No POC) AGAINST 616 Stonehurst Drive** — This first mortgage shall be reamortized and rescheduled based on the amount due under the reamortized schedule of $34,559.53. The interest rate shall be 4.5 percent over a 30 year fixed schedule. Monthly payments of **$175.11** shall begin on the effective date of the Plan and shall continue for a total term of 360 months. Debtors shall fulfill property tax obligations and maintain property insurance.

**CLASS SIXTEEN — CLARK COUNTY TREASURER SECURED CLAIM-(POC #8-1)** — This claim shall be satisfied through monthly payments of **$31.00** shall begin on the effective date of the Plan and shall continue for a total term of 60 months.

**CLASS SEVENTEEN — MERIDIAN HOA SECURED CLAIM- (POC #2-1)** — This claim shall be satisfied through monthly payments of **$60.00** shall begin on the effective date of the Plan and shall continue for a total term of 60 months.

**CLASS EIGHTEEN — TRADITIONS HOA SECURED CLAIM- (POC # 16-1)** — This claim shall be satisfied through monthly payments of **$46.00** shall begin on the effective date of the Plan and shall continue for a total term of 60 months.

**CLASS NINETEEN — GREENVIEW PLAZA HOA SECURED CLAIM- (POC #26-1)** — This claim shall be satisfied through monthly payments of **$8.00** shall begin on the effective date of the Plan and shall continue for a total term of 60 months.

**CLASS TWENTY- UNSECURED CREDITORS -** All unsecured creditors having filed proofs of claims, or deemed to have filed proof of claims, that are not disputed, contingent or unliquidated, shall be paid, pro rata, **$350.00** a month commencing of the effective date of the plan, as adjusted

by any distributions to administrative expenses, and continuing for 60 months or complete satisfaction of all valid claims, whichever is earlier, with such distributions.

# ARTICLE III
## TREATMENT OF UNCLASSIFIED CLAIMS WITHOUT RIGHTS TO VOTE

**UNCLASSIFIED CLAIMANTS – ADMINISTRATIVE EXPENSE CLAIMS.** These claimants shall be comprised of the quarterly fees due to the United States Trustee and any fees and costs for Professionals. The claims of the United States Trustee shall be paid in full on or before the Effective Date of the Plan. The claims of Professionals shall also be included as administrative expenses and, as with other claims in this category may be satisfied from distributions to unsecured creditors.

# ARTICLE IV
## IMPLEMENTATION OF PLAN DISBURSEMENTS

Before the effective date of the Plan, the Debtors may retain a disbursement agent (the "Disbursement Agent"). Except as otherwise provided in the Plan, upon confirmation, the Debtors shall begin making monthly payments of $350 to the Disbursement Agent under the Plan. The Disbursement Agent may begin, as soon as practical, making pro rata payments to the Debtors' unsecured creditors holding allowed claims on a quarterly basis, until such claims are paid as set forth in the Plan, and as possibly adjusted by administrative expenses.

## ARTICLE V

## DISCHARGE OF DEBTOR AND EFFECT OF CONFIRMATION

Unless after notice and a hearing, and the Court orders otherwise for cause, confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan.

## ARTICLE VI
## EVENTS OF DEFAULT AND ACCELERATION

**EVENTS OF DEFAULT:** The occurrence of any of the following shall constitute an event of default under the Plan.

**(a) FAILURE TO MAKE PAYMENTS:** Failure on the part of the reorganized debtors to pay fully within thirty (30) days when due and payment required to be made in respect of the Plan on or after the Consummation Date;

**(b) FAILURE TO PERFORM NEGATIVE COVENANTS:** Failure on the part of the debtors to perform or observe any negative term or provision as set forth in Article IV of the Plan, which failure remains uncured for a period of thirty (30) days after notice of such default;

**(c) FAILURE TO PERFORM OTHER TERMS AND PROVISIONS:** Failure on the part of the debtor to perform or observe any other term or provision of the Plan other than those set forth in Paragraphs (a) and (b) above of this section, which failure remains uncured for a period of sixty (60) days after notice of such default;

**(d) VOLUNTARY BANKRUPTCY CASES, ETC.:** Debtors shall generally not pay their debts as they become due or shall admit in writing their inability to pay their debts, or shall make a general assignment for the benefit of creditors; or debtors shall commence any case proceeding or other actions seeking to have an order for relief entered on their behalf as debtors or to adjudicate itself as

bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, liquidation, dissolution or composition of any of their debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of debtor or seeking appointment of a receiver, trustee, custodian or other similar official for it's or for any substantial part of it's property;

(e) **INVOLUNTARY BANKRUPTCY CASES:** Any case, proceeding or other action against debtor shall commence seeking to have an order for relief entered against it as debtors or to adjudicate it as bankrupt or insolvent, or composition of their debts under the Code or any other law relating to bankruptcy, insolvency, reorganization or relief of debtors, or seeking appointment of receiver, trustee, custodian or other official for it or for all or any substantial part of their property, and in such case, proceeding or other action (i) results in such an adjudication, the entry of such an order for relief or such appointment, which is not fully stated, (ii) shall not be contested by debtors through appropriate proceedings procedures within twenty (20) days of commencement thereof or shall be acquiesced in by debtors, or (iii) shall remain undismissed for a period of One Hundred Eighty (180) days.

## ARTICLE VII

## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of this case until the last day of the first full fiscal quarter following the quarter in which the effective date falls at which time an order of the Bankruptcy Court shall be entered concluding and terminating this case effective on said day unless the debtors or any interested party shall be prior to that date move the court to retain jurisdiction for a longer period of time.

During such time as the Bankruptcy Court retains jurisdiction, said jurisdiction will be deemed to include jurisdiction to hear and determine all claims against the debtors or the bankruptcy

estate and to enforce all causes of action that may be owned by the debtors or the bankruptcy estate and to contest any claims and to hear the objection to any claims posed by the debtor or other interested party.

## ARTICLE VIII

## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

Objections to Claims must be filed with the Bankruptcy Court and served upon the holders of each of the Claims to which objections are made on or before thirty (30) days after the Effective Date.

Notwithstanding any other provision of this Plan, Distributions shall not be made with respect to Disputed Claims unless such Disputed Claim has been resolved and such Disputed Claim has become an Allowed Claim no later than 6 months after the Effective Date of the Plan.

Unless otherwise provided in a Final Order of the Bankruptcy Court, any Claim on account of which a proof of claim is required by Bankruptcy Rule 3003(c)(2) and which is filed after the Bar Date shall be deemed disallowed. The holder of a Claim which is disallowed shall not receive any Distribution on account of such Claim.

## ARTICLE IX
## PROVISIONS FOR ASSUMPTION OF EXECUTORY CONTRACTS

All contracts which exist between debtors and any individual entity whether such contracts be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of this Court are hereby specifically assumed.

# ARTICLE X
# MISCELLANEOUS

**1. HEADINGS:** The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

**2. NOTICES:** All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be transmitted by facsimile transmission to 1-888-306-7517, by e-mail to RiggiLaw@gmail.com, and mailed by registered or certified mail, return receipt requested:

A. If to the debtors, to David A. Riggi, Esq., 5550 Painted Mirage Road, Suite 120, Las Vegas, NV 89149;

B. If to a holder of an allowed claim or allowed interest, at the address set forth in it's allowed Proof of Claim or proof of interest or, if none, at its' address set forth in the schedule prepared and filed with the Court; and,

C. Notice to the debtors shall be deemed given when received. Notice to any holder shall be deemed given when delivered or mailed. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the person or entity to be charged with the knowledge of such change.

3. **RESERVATION OF RIGHTS:** Neither the filing of this Plan nor the Disclosure Statement, nor any statement or provision contained herein or therein, nor the taking by any creditor of an action with respect to this Plan: (a) Shall be or be deemed an admission against interest; nor, (b) Prior to the Confirmation Date, be or be deemed to be a waiver of any rights which any creditor might have against the debtors or any of their properties

specifically reserved. In the event substantial consummation of the Plan does not occur, neither this Plan nor any statement contained herein or in the Disclosure Statement, may be used or relief upon in any manner in any suit, action, proceeding or controversy within or outside of the Reorganization Case involving debtor.

**4. PAYMENT OF STATUTORY FEES:** All fees payable pursuant to § 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date.

**5. GOVERNING LAW:** Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of West Virginia.

**6. SUCCESSORS AND ASSIGNS:** The rights and obligations of any person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person.

**7. SEVERABILITY:** Wherever possible, each provision of this Plan shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Plan shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Plan. Furthermore, if the Bankruptcy Court will not confirm this Plan because one or more provisions hereof are determined to be prohibited or invalid under applicable law, the Proponents may seek permission of the Bankruptcy Court to amend this Plan by deleting the offending provision.

**8. PRESERVATION OF RIGHTS.** Nothwithstanding any provision of this Plan, the Debtors specifically preserve their respective rights to object, complain against, or otherwise affect the claims that are part of this Plan. Debtors must commence the exercise of its rights no later than 60 days after the Effective Date of the Plan.

Dated this 30th November , 2011.

Respectfully submitted,

| | |
|---|---|
| /s/ Marco Mendoza | /s/Margarita Mendoza |
| Debtor in Possession | Debtor in Possession |

/s/ David A. Riggi
Attorney for the Debtors in Possession